UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| DARREN LEE RODENBAUGH, and ) | Case No. 09-20106-659 |
| LISA LYNN RODENBAUGH, ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | |
| ACUITY, and ) | **Adversary No. 09-2007-659** |
| COLUMBIA EYE CONSULTANTS ) | |
| OPTOMETRY, INC., ) | PUBLISHED |
| Plaintiffs, ) | |
| ) | |
| -v- ) | |
| ) | |
| DARREN LEE RODENBAUGH, and ) | |
| LISA LYNN RODENBAUGH, ) | |
| ) | |
| Defendants. ) | |

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The matter before the Court is the First Amended Complaint to Determine Dischargeability of Certain Debts and Objection to Discharge of the Debtors and Answer to First Amended Complaint to Determine Dischargeability of Certain Debts. A trial was held on March 11, 2010 at which time all parties were represented by counsel and Debtors appeared in person. Both Plaintiffs and Debtors submitted their respective Post-Trial Briefs. The matter was then taken as submitted. Upon consideration of the record as a whole, the Court issues the following **FINDINGS OF FACT**:

Debtor Lisa Lynn Rodenbaugh (hereinafter "Lisa") and her husband, Debtor Darren Lee Rodenbaugh (hereinafter "Darren") (hereinafter collectively "Debtors") filed a Bankruptcy Petition under Chapter 7 of the Bankruptcy Code on March 18, 2009. Plaintiff Columbia Eye Consultants Optometry, Inc. (hereinafter "Plaintiff Columbia Eye") is an optometry practice owned by three optometrists located in Columbia, Missouri. Plaintiff Acuity Insurance (hereinafter "Plaintiff Acuity") is a business, home and auto insurance company.

Lisa was the office manager of Plaintiff Columbia Eye from June 4, 2001 until January 2,

2007.  In late 2006, Plaintiff Columbia Eye became aware that Lisa made several overstated electronic payroll transfers to herself.  Lisa also had principals of Plaintiff Columbia Eye sign blank checks which she alleged were to pay corporate invoices however, Lisa made the checks payable to herself.  Lisa also made unauthorized credit card charges on Plaintiff Columbia Eye's credit card.  Plaintiff Columbia Eye discovered that from July 2002 to December 2006, Lisa had stolen $314,327.49 from Plaintiff Columbia Eye.   Lisa's employment was terminated on January 2, 2007.

Most of the funds stolen by Lisa were deposited into a savings and/or checking account jointly held by Debtors with United Credit Union Bank.  Darren admits that he benefitted from Lisa's theft in that some of the stolen funds were used to pay family expenses.  Darren further admits that he has spent some of the stolen funds, however, he did so without any knowledge of the preceding crimes.   Darren maintains that he only became aware of Lisa's criminal activities after her termination from Plaintiff Columbia Eye in January 2007.  Darren testified that he saw no cause for alarm and never noticed any superfluous funds in Debtors' bank accounts.  Debtors individually testified that at all relevant times, Lisa controlled the family finances.

Plaintiff Columbia Eye held employee dishonesty insurance with Plaintiff Acuity in the amount of $150,000.00.  Plaintiff Columbia Eye submitted a claim in the amount of $314,327.40 to Plaintiff Acuity.  Plaintiff Acuity retained RGL Forensic Accountants and Consultants (hereinafter "RGL Forensics")  to investigate the claim.  RGL Forensics determined that during the period of 2004 through 2006,  Lisa stole in excess of $150,000.00.   RGL Forensics ceased to further investigate beyond $150,000.00 because the insurance policy coverage was only for $150,000.00.  Plaintiff Acuity paid Plaintiff Columbia Eye $150,000.00 as required under the insurance policy and Plaintiff Columbia Eye in return granted Plaintiff Acuity all rights to pursue recovery of the stolen funds in subrogation.

The Boone County, Missouri Prosecuting Attorney prosecuted Lisa for felony stealing.

-2-

Shortly after Lisa's arrest, a lump sum payment of $75,000.00 was made to the Boone County Court in restitution for some of the stolen funds.  Lisa pled guilty to a Class C felony of theft/stealing and was sentenced to a suspended sentence of seven years in prison, placed on five years probation and ordered to pay a total of $105,000.00 in restitution to Columbia Eye, to the inclusion of the $75,000.00 lump sum payment; the remainder of which was to be paid in $500.00 monthly restitution payments for the duration of Lisa's probation.  As of March 2010,  Lisa paid $13,500.00 in monthly payments for a total of $88,500.00 paid in restitution.  Plaintiff Acuity was not listed as a victim in Lisa's criminal case and therefore, no restitution payments have been made to Plaintiff Acuity; all restitution payments have been granted to Plaintiff Columbia Eye.

Plaintiff Columbia Eye retained $6,311.31 from Lisa's profit sharing plan.  Additionally, Plaintiff Columbia Eye presented Lisa with a 2006 Federal Income Tax Form 1099 (hereinafter "Form 1099") for 2006 in the amount of $84,123.45 in addition to issuing her a W-2.

Plaintiffs argue that Lisa stole a total of $314,327.40 from Plaintiff Columbia Eye, and that pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6), said amount should be excepted from discharge as to Debtors.  Plaintiffs argue that the debt should be excepted from discharge as to Darren as well as Lisa because Darren knew of, or was wilfully blind to, Lisa's theft and therefore, Darren's actions were wilful and malicious towards Plaintiff Columbia Eye.  Plaintiffs argue that at very least, Darren's actions were reckless and as such, any debt excepted from discharge should be imputed to him as well.

Debtors first argue that all funds already paid in restitution should be deducted from the total figure to be excepted from discharge.  Debtors further argue that because Form 1099 reports taxable income, for the purposes of this dischargeability calculation, the amount of $84,123.45 reported on the 2006 Form 1099 should be deducted.  Further, Debtors argue that the $6,311.31 in Lisa's profit sharing program retained by Plaintiff Columbia Eye should also be deducted. Debtors lastly argue that because Darren did not participate in Lisa's theft, the debt should be held

nondischargeable as to Lisa only.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 (2009) and Local Rule 81-9.01 of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J) (2009). Venue is proper in this District under 28 U.S.C. § 1409(a) (2009).

## CONCLUSIONS OF LAW

Only two issues remain for the Court to determine. First, the sum that should be excepted from discharge and second, whether said determined sum will be excepted from discharge as to Debtors jointly or Lisa only. The Court resolves the matter below.

First, based on a consideration of the record as a whole, including all testimony and exhibits submitted, the Court concludes that the sum of stolen funds presented by Plaintiffs in the amount of $314,327.40 is substantiated, and therefore, the Court will use this amount as the starting point. The Court agrees with Debtors that said amount should be decreased based on restitution paid to or claimed by Plaintiff Columbia Eye. Lisa was ordered to pay a total of $105,000.00 in restitution to Columbia Eye. As of March 2010, $88,500.00 has been paid in satisfaction of this order to the inclusion of a $75,000.00 lump sum payment and $13,500.00 in monthly restitution payments of $500.00. Plaintiff Columbia Eye retained funds held in Lisa's profit sharing plan in the amount of $6,311.31. Further, Debtors argue that $84,123.45 should also be deducted from the amount excepted from discharge because Plaintiff Columbia Eye issued Form 1099 to Lisa in that amount, thereby theoretically changing the nature of said funds to income for which income taxes were then due. Debtors argue that for purposes of this dischargeability calculation, said funds should not be included. The Court agrees. Therefore $135,392.64 ($314,327.40 - $75,000.00 - $13,500.00 - $6,311.31 - $84,123.45) will be excepted from discharge.

The only remaining issue is whether said debt will be excepted from discharge as to Debtors

-4-

jointly or Lisa only. Debtors argue that the standard of wilful and malicious conduct cannot be attributed to Darren because at all relevant times, he was not aware of Lisa's criminal actions and did not conspire, condone, contribute or encourage said criminal actions. Plaintiffs argue that Darren must have known or was wilfully blind to Lisa's crimes and therefore, his actions should rise to the level of wilful and maliciousness, or at least recklessness.

Debts arising from wilful and malicious injury by a debtor are excepted from discharge under Section 523(a)(6). 11 U.S.C. § 523(a)(6) (2009). Wilfulness and maliciousness are two distinct elements of Section 523(a)(6). *In re Patch*, 526 F.3d 1176, 1180 (8th Cir. 2008) *citing In re Scarborough,* 171 F.3d 638, 641(8th Cir. 1999), *cert. denied,* 528 U.S. 931, 120 S.Ct. 330, 145 L.Ed.2d 258 (1999). The Eighth Circuit Court of Appeals has set a high bar for certainty of harm regarding wilful and maliciousness for the purposes of Section 523(a)(6). *In re Adams*, 349 B.R. 199, 203 (Bankr. W.D. Mo. 2006) *citing In re Hartley,* 869 F.2d 394 (8th Cir. 1989)(citations omitted). To prove wilfulness, the creditor must show by a preponderance of the evidence that debtor intended the injury, not just a deliberate or intentional act leading to injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998); *Grogan v. Garner,* 498 U.S. 279, 280, 111 S.Ct. 654, 655, 112 L.Ed.2d 755 (1991). Debts arising from recklessly or negligently inflicted injuries do not fall within the compass of Section 523(a)(6). *Kawaauhau,* 523 U.S. at 64*,* 118 S.Ct. at 978. "If the debtor knows that the consequences are certain, or substantially certain, to result from his conduct, the debtor is treated as if he had, in fact, desired to produce those consequences." *In re Patch,* 526 F.3d at 1180.

"[A]cts intrinsically meriting nondischargeability under § 523(a) can be attributed to a debtor who did not perform them, if the debtor was a 'knowing active participant' in a scheme or conspiracy through which a third-party malefactor performed the acts." *In re Lewis,* 424 B.R. 455, 460 (Bankr. E.D. Mo. 2010) *citing In re Scott,* 403 B.R. 25, 35 (Bankr. D. Minn. 2009). The bankruptcy court can except from discharge any debt imposed on the debtor under nonbankruptcy law for damage done

through the conspiracy. *In re Scott,* 403 B.R. at 35 *citing In re Markarian,* 228 B.R. 34, 39 (1st Cir. BAP 1998).  A member of a conspiracy is vicariously liable for the acts of co-conspirators, and the law imputes liability for acts taken in furtherance of the scheme, regardless of subjective intent or knowledge of occurrence of the acts.  *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180 (1946).

Thus, to prove wilfulness under Section 523(a)(6), Plaintiffs are required to prove by a preponderance of the evidence either that Darren desired for Plaintiffs to be harmed and thus conspired with Lisa to this end or that Darren knew of Lisa's crimes and schemed with her to this end despite substantial certainty that Plaintiffs would suffer harm as a result of Lisa's actions.  The facts do not support a conclusion in the affirmative in either of these scenarios.

Darren deposited and withdrew money from Debtors' joint bank accounts, but testified that he did not pay attention to the remaining account balance because he never had reason to. Darren's only concern was whether there was enough funds in Debtors' bank accounts for the current transaction, and if there was, he was satisfied.  At all times, Lisa controlled the family finances.  While Darren's ambivalence to the family finances was likely reckless, there are insufficient facts to conclude that Darren's actions rise to the level of wilful and maliciousness or that he conspired with Lisa.  Therefore, by separate order, $135,392.64 will be deemed excepted from discharge as to Lisa Lynn Rodenbaugh only.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED:  July 15, 2010
St. Louis, Missouri


Copies to:

-7-

| | |
|---|---|
| Office of the United States Trustee<br>Thomas F. Eagleton U.S. Courthouse<br>111 South 10th Street, Suite 6.353<br>St. Louis, MO 63102 | Darren and Lisa Rodenbaugh<br>1304 Bennington<br>Mexico, MO 65265 |
| James A. Clampitt<br>100 North Jefferson St<br>Mexico, MO 65265 | Bradley R. Hansmann<br>Brown & James, P.C.<br>1010 Market Street - 20th Floor<br>St. Louis, MO 63101 |

-7-